UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

|   |   |   |
|---|---|---|
| DATA CAPTURE SOLUTIONS-<br>REPAIR & REMARKETING, INC.,<br>    Plaintiff | : | |
| v. | : | CIV. NO. 3:07CV237 (JCH) |
| SYMBOL TECHNOLOGIES, INC<br>    Defendant | : | |

Ruling on Defendant's Motion for Entry of Expedited Protective Order Regarding 55 Non-Party Subpoenas

The Court held a hearing in this case on November 29, 2007. After hearing from counsel, defendant's motion for entry of the proposed protective order **[Doc. #61]** is **GRANTED** in part and **DENIED** in part.

Judge Hall issued a protective order in this case on 2/15/07. Under this protective order, information or documents designated as confidential are not to be disclosed to third parties. On September 27, 2007, Symbol moved for entry of a proposed protective order [Doc. #57] that would be more restrictive than the previously issued order, designating some confidential documents as "attorney's eyes only" and not available to DCS or Joseph Texiera, DCS's Founder and President. Shortly thereafter, DCS sent more than 60 subpoenas to non-parties, who are various end-users and resellers of Symbol products.

In moving for this protective order, Symbol argues that this case is on all fours with Harris v. Wells, No. B-89-391, 1990 WL 150445 (WWE) (D.Conn. Sep. 5, 1990) and the Court agrees. In Harris, the court stayed 23 non-party subpoenas until the issuing

party reviewed the party's document production and ordered that the subpoenas could only be enforced if the issuing party demonstrated that there remained documents or information that could only be obtained through non-party discovery. Harris, No. B-89-391, 1990 WL 150445, at *4 (D.Conn. Sep. 5, 1990). In Harris, the Court noted that a substantial portion of the discovery would most likely not be necessary once the opposing party produced the discovery sought from them. "Given the nature of the allegations in this case and the questions of credibility upon which this litigation turns, the most prudent course of conduct is one which, to the extent possible, minimizes the damage to [defendant's] business during the course of this litigation." Harris, No. B-89-391, 1990 WL 150445, at *4 (D.Conn. Sep. 5, 1990).

As in Harris, this result is desirable since all of these non-parties are engaged in business with Symbol as end-users or resellers. "Constant attempts to bring these business associates into this litigation may well have negative effects on these business relationships." Harris, No. B-89-391, 1990 WL 150445, at *4 (D.Conn. Sep. 5, 1990). Due to the time and effort compliance with the subpoenas as written would require, Symbol's business relationships may suffer if more than 60 end-users and resellers are forced to comply.

Additionally, many of the documents DCS seeks from the third parties are duplicative of the documents already sought from Symbol. These documents shall be produced by Symbol before they are subpoenaed from a non-party.

However, Symbol does not have access to and is not capable of producing internal documents and communications of the end-users and resellers. These requests are clearly not duplicative and the only source is the non-party.

The non-parties are directed to comply with the subpoenas inasmuch as they seek internal documents and communication regarding Symbol and communications directly with Symbol.[1] Communication between and among the various end-users and resellers regarding Symbol but to which Symbol was not a party will not be produced. Any agreements or communications between a third party and other end-users or resellers will not be produced.

Accordingly, the Motion for Protective Order is GRANTED in part and DENIED in part. All third parties are directed to respond to requests #'s 4-7, 9-12 and 16-17 only as they relate to Symbol.

In order to ensure compliance with the protective order in place, all proposed production by third parties shall be given to Symbol for its review. Symbol shall have one week to review the documents and designate those items that it believes should be "attorney eyes only." If a dispute arises between the parties, the Court should be contacted and the documents will be reviewed in camera to determine if they are

---

[1] Although Symbol may also have these communications with the non-party, it appears it will be easier to run a computer search using terms. To exclude certain information just because it might be duplicative would only add to the burden on the non-party.

covered by the enhanced protective order.

This is not a recommended ruling. This is a discovery ruling and order which is reviewable pursuant to the "clearly erroneous" statutory standard of review. 28 U.S.C. § 636 (b)(1)(A); Fed. R. Civ. P. 6(a), 6(e) and 72(a); and Rule 2 of the Local Rules for United States Magistrate Judges. As such, it is an order of the Court unless reversed or modified by the district judge upon motion timely made.

SO ORDERED at Bridgeport the 11th day of December 2007.

_____/s/_____
HOLLY B. FITZSIMMONS
UNITED STATES MAGISTRATE JUDGE