```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

DATA CAPTURE SOLUTIONS-           :
REPAIR & REMARKETING, INC.,       :
      Plaintiff                   :
                                  :
v.                                :  CIV. NO. 3:07CV237 (JCH)
                                  :
SYMBOL TECHNOLOGIES, INC          :
      Defendant                   :
```

## **PROTECTIVE ORDER**

**WHEREAS**, Data Capture Solutions – Repair and Remarketing Inc. and Symbol Technologies, Inc. ("Symbol") (together, the "Parties" and each a "Party") are Parties to the above-captioned civil action, pending in the United States District Court for the District of Connecticut, No. 07cv237(JCH) (the "Action"); and

**WHEREAS**, on February 15, 2007, the Court entered a Standing Protective Order in the Action, which states that, if any Party perceives there is a need, the Party could move for a more restrictive protective order (Docket No. 4; the "Court's Order"); and

**WHEREAS**, the Parties are engaged in discovery which involves, among other things, the production of documents, materials and information deemed confidential, relating to sensitive and proprietary commercial information; and

**WHEREAS**, Symbol believes a more restrictive protective order is appropriate, and that there is good cause to modify the

Court's Order; and

**WHEREAS**, the Parties have, through counsel, in good faith discussed the terms set forth in this Proposed Protective Order (the "Protective Order"); and

**WHEREAS**, in an effort to promote judicial efficiency and to minimize costs, the Proposed Protective Order would apply to both this Action and the action entitled Symbol Technologies, Inc. v. Data Capture Solutions – Repair and Remarketing Inc., originally docketed as No. 07cv610(JCH), and consolidated herewith under the same docket number; now therefore,

**IT IS HEREBY ORDERED**, that the following shall apply to information, documents and excerpts from documents supplied by the Parties to each other as initial disclosure, in response to discovery requests, and in deposition testimony:

1. Counsel for any Party may designate any document or information contained in a document as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of that counsel's client. "Confidential" information or documents may be referred to collectively as "Confidential Information." Confidential Information and documents designated by a Party as confidential will be labeled "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER."

2. Unless ordered by the Court, or otherwise provided herein, the Confidential Information disclosed will be held and used by the person receiving such information solely for use in the prosecution, defense or settlement of claims in this Action in

which the Protective Order issued, and shall not be used for any other purpose.

3. Confidential Information shall not be disclosed to any person, except:

    (a) The requesting Party and counsel of record;

    (b) Employees of such counsel assigned to and necessary to assist in the litigation;

    (c) Consultants or experts, and their assistants and secretarial or clerical personnel to the extent deemed necessary;

    (d) Any person from whom testimony is taken or is to be taken in this Action, except that such a person may only be shown Confidential Information during and in preparation for his/her testimony and may not retain the Confidential Information;

    (e) Mediators or arbitrators engaged by the Parties in the Action; and

    (f) The Court or the jury at trial or as exhibits to motions.

4. Prior to disclosing or displaying the Confidential Information to any person, counsel shall:

    (1) inform the person of the confidential nature of or documents; and

    (2) inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of that information or documents to any other person.

5. The Confidential Information may be displayed to and discussed with the persons identified in Paragraphs 3(c) and (d) only on the condition that, prior to any such display or discussion, each such person shall be asked to sign an agreement to be bound by this Protective Order in the form attached hereto as Exhibit A. In the event such person refuses to sign an agreement in

the form attached as Exhibit A, the Party desiring to disclose the Confidential Information may seek appropriate relief from the Court.

6. It is understood and agreed that if, pursuant to this Protective Order, a Party identifies a person as an expert, no other Party shall contact the expert nor subject the expert to discovery to inquire into matters arising within the expert's consultation with the designating Party, except as provided by Federal Rule of Civil Procedure 26(b)(4), or by Order of the Court.

7. The Parties may designate as for "COUNSEL ONLY" any Confidential Information that satisfies the requirements of Paragraph 1 and which comprises or contains particularly sensitive information of the Parties and their affiliates, concerning pricing, costs, profits, revenues, customer lists, sales, marketing, repair strategies, customer feedback, and/or information relating to research, development and/or testing of a Party's existing and proposed future products, that a Party believes in good faith either could cause harm to its business if disclosed to personnel for the receiving Party, or could lead to a competitive advantage for the receiving Party. Notwithstanding any other provision of this Protective Order, no person except counsel for the Parties, and persons identified in paragraphs 3(b), 3(c) and 3(e) hereof, shall have access to, or be directly or indirectly advised of the contents of any document, testimony or other Confidential Information that a Party designates as being produced for "COUNSEL ONLY." Confidential Information designated "COUNSEL ONLY" shall be labeled "COUNSEL ONLY – CONFIDENTIAL – SUBJECT TO

PROTECTIVE ORDER."

8. In addition to those persons described in paragraph 3 above who may receive Confidential Information, (a) a present employee or representative of the Party that designated a document or information as Confidential Information or COUNSEL ONLY may be examined and may testify concerning all documents and information designated by that Party as Confidential Information or as for COUNSEL ONLY; and (b) a former employee, associate, representative, or consultant of a Party may be examined and may testify at a deposition concerning any documents or information designated by that Party as Confidential Information or as COUNSEL ONLY, which was dated or created during, or which pertains to, the period during which that witness was employed by, associated with, representative of, or consultant to that Party.

9. Nothing contained herein shall operate to prevent a Party from disclosing its own Confidential Information or information designated as "COUNSEL ONLY."

10. In the event a Party challenges another Party's Confidential Information designation or designation as for "COUNSEL ONLY," such Party shall first make its objection known to the producing Party and request a change of designation. The Parties shall first try to resolve such dispute in good faith in accordance with Rule 37(a)(2) of the Local Rules of the District Court for the District of Connecticut. If the dispute cannot be resolved, the Party challenging the designation may request appropriate relief from the Court no sooner than five (5) days following the service of a written notice of disagreement. The burden of proving that

the information has been properly designated as Confidential Information or as for "COUNSEL ONLY" is on the producing Party. Until there is a determination by the Court, the information in issue shall be treated as Confidential Information or as for "COUNSEL ONLY" and subject to the terms of this Protective Order. Any failure to object to any material being designated as Confidential Information or as for "COUNSEL ONLY" shall not be construed as an admission by the non-designating Party that the material constitutes or contains a trade secret or other Confidential Information. Moreover, nothing in this Protective Order operates to create an admission by any Party that Confidential Information disclosed in this Action or material designated as for "COUNSEL ONLY" is relevant or admissible. Each Party specifically reserves the right to object to the use or admissibility of all Confidential Information or information designated as for "COUNSEL ONLY" that is disclosed, in accordance with applicable law and Court rules.

11. During any deposition taken in connection with this Action, counsel for either Party may indicate on the record that an answer to a question calls for Confidential Information. Thereupon, counsel for the witness may request all persons, except those identified in Paragraph 3 and any person recording or transcribing the testimony, where applicable, to leave the room where the deposition is proceeding until completion of the answer or answers containing such Confidential Information. This or any other Confidential Information shall be so designated at the time of the deposition or within thirty (30) days after the deposition,

and shall be separately bound in a transcript labeled "CONFIDENTIAL" or "COUNSEL ONLY," as the case may be.

12. At any proceeding before the Court in connection with the Action, counsel for the Parties to the Action may, subject to the rules of evidence, disclose or refer to Confidential Information or information designated as "COUNSEL ONLY" subject to the terms and conditions set forth in this Protective Order, unless otherwise ordered by the Court. If, at the time of trial, a Party intends to introduce into evidence any Confidential Information or information designated as "COUNSEL ONLY," the Party shall give timely notice of such intention to the Court and other counsel, and the Court may take such steps as it shall deem reasonably necessary to preserve the confidentiality of such information.

13. For the purpose of Paragraphs 3(d) and (f), any documents which become part of an official judicial proceeding or which are filed with the Court are public documents, and such documents will be sealed by the Court only upon motion and in accordance with applicable law, including Rule 5(e) of the Local Rules of this Court. This Protective Order does not provide for the automatic sealing of such documents.

14. Inadvertent or unintentional production of documents or information containing Confidential Information that are not designated "Confidential" shall not be deemed a waiver in whole or in part of a claim for confidential treatment. If the producing Party learns that documents designated as "CONFIDENTIAL" or "COUNSEL ONLY" have been produced inadvertently or unintentionally, the producing Party shall (i) promptly give written notice to the

receiving Party or Parties that such information should have been designated as "CONFIDENTIAL" or "COUNSEL ONLY" and (ii) provide the receiving Party or Parties with substitute copies of the material at issue bearing the proper designation under this Protective Order. The receiving Party or Parties must treat such material as so designated from the date that such notice is received, and shall return the original undesignated material to the producing Party within ten (10) days of receipt of the substitute copies. Disclosure of such material prior to receipt of such notice to persons not authorized to see restricted information shall not be deemed a violation of this Protective Order. However, the disclosing Party shall: (a) promptly inform such person of all provisions of this Protective Order; (b) immediately identify such person and the Confidential Information disclosed to the producing Party that designated the document as "CONFIDENTIAL" or as "COUNSEL ONLY"; and (c) retrieve all copies of material containing inadvertently disclosed information.

15. If a Party through inadvertence discloses material that it believes is subject to a claim of attorney-client privilege, work product protection, or other generally-recognized privilege or protection, such disclosure shall not constitute a waiver of that privilege or protection if (i) after learning of the inadvertent disclosure, the producing Party promptly gives written notice to the receiving Party or Parties that such material is subject to a claim of the attorney-client privilege, work product protection, or other specifically identified privilege or protection, and (ii) the producing Party requests that the material be returned to the

producing Party. Absent a challenge under this paragraph or during the pendency of any such challenge, or contemplated challenge, the receiving Party or Parties shall return all such material, including copies, except as may be necessary to bring a challenge before the Court, to the producing Party within five (5) days of the receipt of the written notice and request for return.

16. At the conclusion of litigation, the Confidential Information and information designated as "COUNSEL ONLY" and any copies thereof shall be promptly (and in no event later than forty-five (45) days after entry of final judgment) returned to the producing Party or certified as destroyed

17. Third parties who provide discovery in this action shall be given a copy of this Protective Order and may invoke the provisions of this Protective Order as to that discovery by executing an acknowledgement, substantially in the form attached hereto as Exhibit A, with a copy of such acknowledgment provided to all Parties. Upon receipt of the acknowledgement from a third party, the third party's discovery materials will be treated by the Parties in conformance with this Protective Order.

18. In the event a Party receives a subpoena seeking the production of Confidential Information or information designated as for COUNSEL ONLY, including a transcript of a Party's officers, directors, agents, consultants, experts, and/or employees elicited during depositions, hearings and other proceedings, the Party receiving the subpoena must serve a copy of the subpoena to the other Party within three (3) business days after receipt of the subpoena. Thereafter, either Party shall have five (5) business

days to file a motion for protective order seeking to quash the subpoena, in whole or in its entirety, or any similar motion. If no motion is filed within that time, the receiving Party may produce the subpoenaed Confidential Information and/or information designated as for COUNSEL ONLY, only after providing the Party serving the subpoena with a copy of this Protective Order and receipt of the serving Party's agreement to be bound by the terms of this Protective Order by executing the agreement set forth in Exhibit A hereto.

19. The foregoing is entirely without prejudice of the right of any Party to apply to the Court for any further Protective Order relating to confidential information; or to object to the production of documents or information; or apply to the Court for an order compelling production of documents or information; or for modification of this Protective Order; or to seek any other relief from the Court.

SO ORDERED at Bridgeport the 28th day of March 2008.

```
      ___/s/_____
      HOLLY B. FITZSIMMONS
      UNITED STATES MAGISTRATE
```

## **Exhibit A**

```
         UNITED STATES DISTRICT COURT
           DISTRICT OF CONNECTICUT
```

| | |
|---|---|
| DATA CAPTURE SOLUTIONS-<br>REPAIR & REMARKETING, INC.,<br>    Plaintiff<br><br>v.<br><br>SYMBOL TECHNOLOGIES, INC<br>    Defendant | :<br>:<br>:<br>:<br>:<br>: CIV. NO. 3:07CV237 (JCH)<br>:<br>:<br>: |

    I, _____have been informed by counsel that certain documents or information to be disclosed to me in connection with this Action have been designated as confidential. I have been informed that any documents or information labeled "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" are confidential by Order of the Court. I hereby agree that I will not disclose any information contained in such documents to any other person. I further agree not to use any such information for any purpose other than this litigation.


Signature: _____      Print Name: _____

                                                                                         Date: _____

Signed in the presence of:

_____
     (attorney)